1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON

8

AT SEATTLE

9

10  S.H., A MINOR STUDENT, BY AND THROUGH
    HER PARENT K.W. AND
11  K.H., A MINOR STUDENT, BY AND THROUGH
    HER PARENTS A.H.R. AND K.W.H.[1] AND
12  JANE DOES 1-10; and JOHN DOES 1-10

        PLAINTIFFS,

13

14          vs.
    VASHON ISLAND SCHOOL DISTRICT, a
15  municipal corporation; MCMURRAY MIDDLE
    SCHOOL, a municipal corporation; VASHON
16  ISLAND HIGH SCHOOL, a municipal organization;
    MICHAEL SOLTMAN, SUPERINTENDENT, in his
17  individual and official capacity; DONNA
    DONNELLY, in her individual and official capacity;
18  PAULA CUMMINGS, in her individual and official
    capacity; GREG ALLISON, PRINCIPAL, in his
19  individual and official capacity; DANIEL ROCK,
    PRINCIPAL, in his individual and official capacity;
20  AND JANE DOES 1-10 AND JOHN DOES 1-10

21          DEFENDANTS

Case No.:

COMPLAINT FOR DAMAGES,
ATTORNEY'S FEES, AND COSTS

DEMAND FOR JURY

22
23
24
25

---

[1] Parent names are kept private to protect the identity of the minor children.

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **1** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

COME NOW Plaintiffs, by and through their undersigned attorney for cause of action against Defendants and allege as follows.

<strong>I.      INTRODUCTION</strong>

1.1     This lawsuit arises out of Defendants' ongoing sexual harassment and discrimination subjected onto the Plaintiff Students by the Defendant Vashon Island School District (hereafter "Defendant District") through its agents, administrators, and employees arising out of the actions and omissions as detailed below.  Plaintiffs request the Court grant the relief as detailed below.

1.2     Upon information and belief, during a period of time between September 8, 2015 to the date of this Complaint, Plaintiff Students at McMurray Middle School were subjected to daily sexual harassment from other students, predominately male students, that was so severe and pervasive that it created a hostile learning environment.  This occurred in classrooms, hallways, meeting areas, and all other spaces in the school and was witnessed by multiple staff members but not addressed or stopped.  Even after the Parent of one of the Plaintiff Students complained, the harassment was not addressed and did not stop.  Even after the attorney for the Plaintiffs complained, the harassment was not addressed and did not stop.

1.3     Upon information and belief, during a period of time between September 8, 2015 to the date of this Complaint, Plaintiff Students at Vashon Island High School were subjected to sustained harassment and discrimination based solely on their sexual orientation.  This harassment came from students, teachers, and administrators and occurred in classrooms, hallways, meeting areas, and all other spaces in the school and was witnessed by multiple staff members but not addressed or stopped.  This harassment was systemic and caused these Plaintiff Students to be excluded from school-based activities or restricted in their ability to fully participate in school-based activities without harassment and/or discrimination.  Even after the Parent of one of the Plaintiff Students complained, the harassment was not addressed and did not

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES, AND COSTS
PAGE **2** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

stop.  Even after the attorney for the Plaintiffs complained, the harassment was not addressed and did not stop.

1.4      Upon information and belief, during a period of time between September 8, 2015 to the date of this Complaint, Plaintiff Students were students with disabilities and the harassment and discrimination was so severe and pervasive that it denied them a free, appropriate, public education and an education free from discrimination as was their right under 42 USC §12101 Americans with Disabilities Act effective January 1, 2009 and its implementing regulations along with the Rehabilitation Act of 1973 Section 504 and it accompanying regulations.

1.5      Upon information and belief, during a period of time between September 8, 2015 to the date of this Complaint, this harassment and discrimination was pervasive and widespread and involved more students than just S.H. and K.H.  Those students have yet to come forward due to fear of reprisals.

## II. PARTIES

2.1      S.H. is a minor, a middle school student, and the child of K.W. who is her parent.  Both S.H. and KW. at all relevant times lived within the boundaries of the Defendant School District at 11125 107th Avenue SW Vashon Island, Washington.

2.2      K.H. is a minor, a high school student, and the child of A.H.R. and K.W.H. who are her parents.  K.H., A.H.R., and K.W.H. at all relevant times lived within the boundaries of the Defendant School District at 24241 Dockton Road SW Vashon Island, Washington.

2.3      Plaintiffs Jane Does 1-10 and Plaintiffs John Does 1-10 are students in the Defendant District who were subjected to harassment and discrimination but who have yet to come forward to be identified.

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES, AND COSTS
PAGE **3** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

2.4     The Vashon Island School District is a municipal corporation organized under the laws of the State of Washington and is authorized to be sued in such corporate capacity for its acts and omissions and those of its agents and employees.

2.5     The Vashon Island School District has its primary place of business in King County, Washington.

2.6     At all relevant times, the Vashon Island School District had authority over and was responsible for the placement, curriculum, supervision, and disciplinary measures taken with students at the McMurray Middle School, including S.H., Jane Does 1-10, and John Does 1-10.

2.7     At all relevant times, the Vashon Island School District had authority over and was responsible for the placement, curriculum, supervision, and disciplinary measures taken with students at the Vashon Island High School, including K.H., Jane Does 1-10, and John Does 1-10.

2.8     The Vashon Island School District had, at all relevant times, supervisory authority over McMurray Middle School, its administration, faculty and staff.

2.9     The Vashon Island School District had, at all relevant times, supervisory authority over Vashon Island High School, its administration, faculty and staff.

2.10    McMurray Middle School is a municipal corporation organized under the laws of the State of Washington and is authorized to be sued in such corporate capacity for its acts and omissions and those of its agents and employees.

2.11    Vashon Island High School is a municipal corporation organized under the laws of the State of Washington and is authorized to be sued in such corporate capacity for its acts and omissions and those of its agents and employees.

2.12    At all relevant times, McMurray Middle School was responsible for the care and education of S.H., Jane Does 1-10, and John Does 1-10 and it was responsible for enacting,

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

maintaining, and improving the policies, procedures, and practices with regard to the education, supervision, and discipline of students enrolled at McMurray Middle School, including S.H., Jane Does 1-10, and John Does 1-10.

2.13    At all relevant times, Vashon Island High School was responsible for the care and education of K.H., Jane Does 1-10, and John Does 1-10 and it was responsible for enacting, maintaining, and improving the policies, procedures, and practices with regard to the education, supervision, and discipline of students enrolled at Vashon Island High School, including K.H., Jane Does 1-10, and John Does 1-10.

2.14    Michael Soltman was, at all relevant times, the superintendent of the Vashon Island School District.  Defendant Soltman had, at all relevant times, supervisory authority over Donna Donnelly, Paula Cummings, Greg Allison, Daniel Rock, and all other members of the administration, faculty, and staff at McMurray Middle School and Vashon Island High School, including S.H., K.H., Jane and John Does 1-10, and was responsible for enacting, maintaining, and improving the policies, procedures, and practices with regard to student supervision, discipline, and education in the Vashon Island School District.

2.15    Donna Donnelly was, at all relevant times, the Assistant to the Superintendent and the Harassment Compliance Officer for the Vashon Island School District.  Defendant Donnelly had, at all relevant times, the responsibility for enacting, maintaining, and improving the policies, procedures, and practices with regard to compliance with the prohibition against bullying and harassment in the Defendant School District.  This position included being the primary contact for complaints, providing assistant to other staff in responding to and resolving complaints, ensuring all complaints were promptly and properly investigated, assessing the training needs of

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **5** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

all staff, and facilitating meetings between staff and students targeted by harassment to develop an appropriate safety plan.

2.16    Paula Cummings was, at all relevant times, the Title IX Coordinator for the Vashon Island School District.  Defendant Cummings had, at all relevant times, the responsibility for enacting, maintaining, and improving the policies, procedures, and practices with regard to compliance with Title IX in the Vashon Island School District.  Further, Defendant Cummings was, at all relevant times, the ADA/504 Coordinator.  Defendant Cummings was, at all relevant times, responsible for enacting, maintaining, and improving the policies, procedures, and practices with regard to compliance with the ADA/504 in the Vashon Island School District.

2.17    Greg Allison was, at all relevant times, the principal of McMurray Middle School. Defendant Allison had, at all relevant times, supervisory authority over all members of the administration, faculty and staff, and students at McMurray Middle School, including S.H. and Jane and John Does 1-10, and was responsible for enacting, maintaining, and improving the policies, procedures, and practices with regard to student supervision, discipline, and education at McMurray Middle School.

2.18    Daniel Rock was, at all relevant times, the principal of Vashon Island High School. Defendant Rock had, at all relevant times, supervisory authority over all members of the administration, faculty and staff, and students at Vashon Island High School, including K.H. and Jane and John Does 1-10, and was responsible for enacting, maintaining, and improving the policies, procedures, and practices with regard to student supervision, discipline, and education at Vashon Island High School.

2.19    Defendants Jane Does 1-10 and Defendant John Does 1-10 are various individuals who will be identified through discovery and were at all relevant times teachers, officials, and other

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

agents of the Vashon Island School District and its related entities and agents who had

responsibility for implementing classroom policies, procedures, and practices relating to the

education, supervision, and discipline of students at McMurray Middle School and Vashon

Island High School including S.H., K.H. and Jane and John Does 1-10.

## III. JURISDICTION AND VENUE

3.1     Claims raised in this Complaint stem from claims of harassment and discrimination under

Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-1688 and its implementing

regulations at 34 C.F.R. Part 106.

3.2     Claims raised in this Complaint stem from claims of discrimination under 42 USC

§12101 Americans with Disabilities Act effective January 1, 2009 and its implementing

regulations along with the Rehabilitation Act of 1973 Section 504 and its accompanying

regulations.

3.3     Claims raised in this Complaint stem from claims of discrimination, violation of due

process of law, and denial of equal protection guaranteed by the Fourteenth Amendment of the

United States Constitution and by 42 U.S.C. §1983.

3.4     Venue is proper in this Court within the meaning of 28 U.S.C. §1391 as all actions and

allegations occurred in the Vashon Island School District in King County within Washington

state.

## IV. FACTS

4.1     Plaintiff S.H. is a student with a disability under the meaning of 42 U.S.C. §12101

Americans with Disabilities Act effective January 1, 2009 and its implementing regulations 28

C.F.R. §35.104 due to having health conditions impairing the major life activity of learning.

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **7** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

Plaintiff has been diagnosed with Obsessive-Compulsive Disorder, Panic Disorder, Post-Traumatic Stress Disorder, and a Tic Disorder.

4.2      Plaintiff K.H. is a student with a disability under the meaning of 42 U.S.C. §12101 Americans with Disabilities Act effective January 1, 2009 and its implementing regulations 28 C.F.R. §35.104 due to having health conditions impairing the major life activity of learning. Plaintiff K.H. has been diagnosed with Attention Deficit Disorder with Hyperactivity, Obsessive Compulsive Disorder, Panic Disorder, and Depression.

**A.      S.H. is bullied and harassed in elementary school with no response from the Defendant District**

4.3      Plaintiff S.H. was a student in the Defendant District during the 2012-2013 school year and at the of that school year was subjected to bullying and harassment by other students.  Parent K.W. reported the bullying and harassment to school officials, filled out an incident report, followed up several times with school administration, but there was never any resolution to the issue.  On October 11, 2013 Parent K.W. sent an email to Superintendent Soltman re-stating the incident and stating no one had ever gotten back to her to resolve the harassment. There was no response.

4.4.      Plaintiff S.H. attended a private school on Vashon Island for the school years of 2013-2014 and 2014-2015.  Plaintiff S.H. returned to the Defendant District to attend McMurray Middle School for the 2015-2016 school year as an eighth-grade student.

**B.      S.H. returns to the Defendant District and sexual harassment begins immediately**

4.5      Almost from the first week of school, Plaintiff S.H. was subjected to extreme and sustained sexual harassment from the other students.  This happened in classrooms, in the

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES, AND COSTS
PAGE **8** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

hallways, in the commons area, in the lunch room, and in all other areas of McMurray Middle School.

4.6    This sexual harassment took the form of students making sexual and profane comments such as calling Plaintiff S.H. and other female students "f**k-buddies", "c**t" or "p***y" or "b**ch", telling "jokes" that were derogatory to women and contained profanity, discussing various ways of having sexual intercourse with the female students and/or their mothers using profanity, discussing their genitals using profanity, making "jokes" about raping female students or other women, and other profane and offensive comments.  All of these comments were either directed to S.H., directed to other female students in front of S.H. or made to each-other in front of S.H.

4.7    This sexual harassment took the form of the male students making inappropriate sexual and profane requests such as asking Plaintiff S.H. if she needed any money and then placing the money down the front of a male student's pants or in front of his pants' zipper and telling her "go get it".  It also took the form of male students asking Plaintiff S.H. to bend over in a suggestive sexual pose so he could take pictures of her.

4.8    This behavior occurred daily in classrooms or other school areas in front of staff members who did not stop or discipline the offending students.

4.9    This behavior included threats to S.H. and other female students who were standing with S.H. in the form of telling S.H. and others that "snitches get stitches".

**C.    S.H.'s parent starts reporting the harassment and nothing is done**

4.9    Parent K.W. complained to Defendant Soltman on October 23, 2015 in an email.  The email gave specific examples of sexual harassment S.H. was facing at school and asked for a follow-up.  Defendant Soltman responded via email on October 29, 2015, ignoring the reporting

of sexual harassment and instead addressing other issues in K.W.'s email.  Neither Defendant Donnelly nor Defendant Cummings nor anyone else from the Defendant School District followed up with K.W.  Nothing was investigated and the sexual harassment continued.

4.10    Parent K.W. complained to Defendant Allison on November 2, 2015 in an email where she asked for a meeting with him to discuss the harassment of her daughter Defendant S.H.  K.W. and Defendant Allison met in person on November 3, 2016 and K.W. told him about the sexual harassment S.H. had been facing daily at school.  K.W. also met the school counselor the same day, also giving her details of the sexual harassment.  Defendant Allison did not give K.W. the policies for the Defendant School District prohibiting sexual harassment, he did not give her any reporting forms, he did not explain her rights to have a safety plan developed for S.H., and he provided no follow-up from her complaint.  Nothing was investigated and the sexual harassment continued.

4.11    During this time period K.W. was working with employees of the Defendant School District on a Sexual Health Education Committee which she had been asked to participate on by the Defendant School District.  The purpose of this committee was to review sexual education programs and update the Harassment, Bullying, and Intimidation policies.  One of the subjects discussed in this committee work was the pervasiveness of harassment at the Defendant McMurray Middle School and specifically the sexual harassment of S.H.  At no time did anyone follow-up with K.W. regarding her complaints of sexual harassment of S.H.  Nothing was investigated and the sexual harassment continued.

4.12    K.W. met with Defendant Soltman in person on November 13, 2015 and one of the subjects they discussed was the pervasiveness of the sexual harassment at Defendant McMurray Middle School that included the sexual harassment of S.H. at school.  At that meeting Defendant

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

Soltman again did not give her any reporting forms, he did not explain her rights to have a safety plan developed for S.H., and he provided no follow-up from her complaint.  Nothing was investigated and the sexual harassment continued.

4.13.   K.W. met in person on January 1, 2016 with the head of the Defendant District's school board to discuss concerns about harassment and the lack of remediation, including her complaint of sexual harassment of S.H.  At that meeting K.W. told the head of the school board she had made complaints to Defendant Soltman and Defendant Allison but there had been no follow-up. There was no abatement of the daily harassment for S.H. and no follow-up after this meeting.

4.14   K.W. sent an email to all of the members of the Defendant School District's school board on January 31, 2016 detailing her complaints about sexual harassment of her daughter as well as other students.  In response, K.W. did not hear from Defendants Soltman, Donnelly, Cummings, or Allison.  Nothing was investigated and the sexual harassment continued.

**D.**   **K.W. hires an attorney and files a Title IX Complaint and the harassment continues**

4.15   K.W. and S.H retained an attorney who filed a complaint on March 2, 2016 pursuant to Title IX regarding the sexual harassment of S.H.  This Title IX complaint was sent to Defendant Soltman and Defendant Cummings.  The complaint gave details of exactly which male students, using first and last names, were sexually harassing S.H. and what they were saying.

4.16   On March 3, 2016 Defendant Cummings sent a letter to the Plaintiffs' attorney stating the complaint was received and asking to set up a meeting.  The meeting was set for March 7, 2016.

4.17   From March 3, 2016 through March 7, 2016 the sexual harassment of S.H. went unabated.  Defendant Allison took the named male students aside and asked if they had been harassing S.H., using her name specifically.  The male students questioned denied any harassment and the male students were allowed to continue with no consequences.  S.H. did not

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **11** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

attend school every day during this time period as her anxiety was too high to allow her to attend. S.H. was fearful of reprisals as she was required to disclose her name for the Title IX Complaint and the male students had already threatened her if she told. The daily sexual harassment was affecting S.H.'s ability to attend school and concentrate in class. On the days she did attend, S.H. reported the sexual harassment to her mother and to her attorney. The specifics were then reported to the attorney for the Defendants via emails.

4.18    On March 7, 2016 K.W. with her attorney met with Defendants Soltman, Cummings, Allison and their attorney. S.H. did not attend the meeting as her anxiety level was too high to make it appropriate for her to be included. The allegations were discussed and a safety plan was developed. K.W. made it very clear to all the Defendants that S.H. was too fearful and had too much anxiety for anyone to discuss the sexual harassment with her at school. The plan was for S.H. to report any further sexual harassment to one of her teachers, if she felt comfortable doing so, or to her mother after school.

4.19    On March 8, 2016 specific details of sexual harassment from that day were reported to Defendant Allison giving first and last names of the male students and quotes of what they were saying. The sexual harassment continued with the male students using profanity and discussing sexual intercourse with other female students and their mothers using profanity. The male students were also making jokes about their statements being sexual harassment, so it was clear they now knew a complaint had been made.

4.20    On March 9, 2016 Defendant Allison sent an email to K.W. for the first time acknowledging her complaint pursuant to Title IX and he attached the policies for the school district to his email. This was the first time K.W. had received these policies.

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **12** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

4.21    On March 9, 2015 Defendant Allison again questioned the male students named in S.H.'s Title IX Complaint.  Those male students came back to S.H. that day to tell her they were questioned.  One student apologized to her and one student told her he "lied" and denied everything.  Then those male students proceeded to repeat their previous sexually harassing and profane statements.  S.H. was again told that "snitches get stitches".  S.H. had a panic attack at school that day, afraid to attend class and face those students.

**E.    S.H. returns to school but faced with unrelenting harassment cannot continue**

4.22    S.H. returned to school on March 14, 2016.  Multiple male students came up to her to ask her why she reported their behavior, why she was "suing" the school, and why the "police" were involved.  The sexually harassing statements continued and significantly interfered with her ability to concentrate on her education.  When S.H. got home she was extremely upset and unsure if she could return to school.

4.23    On March 14, 2016 one male student showed S.H. and other students knives that he had in his possession.  On March 15, 2016 this male student was chasing other students around with his knives handed the knives to another student to "hold" when he was called to the office.  This behavior was significantly upsetting to S.H. due to the previous threats these male students had made to her about her reporting.

4.24    On March 15, 2016 S.H. attended school and the students discussed the investigation amongst themselves and in front of S.H.  Now more male students, not previously named, joined in the ongoing sexual harassment and this behavior continued unabated in classrooms, in front of teachers, and in common areas where the students were completely unsupervised.  For her math class, S.H. was forced to sit at a table with other male students who were discussing the size of their genitals, using profanity, and using profanity to discuss various sexual acts.  During a break

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

during math class a male student simulated masturbating using a calculator and a group of boys started "explaining" sexual acts to S.H. so that she would be able to "understand her sexual orientation". As the math class continued, the comments continued and increasingly the male students used more and more profanity in talking about the girls' bodies, their own bodies, and various sexual acts. The male students had a debate about the definition of the word "fag***" and whether it was a bad word or okay to use. The male students decided it was okay because they "use it all the time". The male students again warned the female students what happens to "snitches" or "rats". S.H. received a "C-" for participation in math this day because her table was "too loud". This behavior continued after math in the hallways, other classes, and at lunch. S.H. returned home so distraught her mother did not know if she could return to school and S.H. actually did not return.

4.25    The Defendant District hired an attorney, Shawn Flood, to investigate the Title IX Complaint K.W. made regarding S.H. On March 17, 2016 Ms. Flood met with K.W. alone and then with S.H. with K.W., and their attorney, to discuss the complaint and allegations. S.H. gave Ms. Flood details and names to provide her with specific information about the complaint. S.H. and K.W. answered all of Ms. Flood's questions.

4.26    S.H. psychiatrically decompensated after these meetings. Per her psychiatrist, S.H. has been home under the care of her mother and her psychiatrist and not attending school. S.H. does a few school assignments, sent by her teachers, supported by K.W. It is unclear when S.H. will be able to work on all of her coursework, either with K.W. or a tutor.

4.27    On March 22, 2016 Defendant Allison sent K.W. and her attorney a letter stating he investigated complaints from the March 2nd complaint through March 16th and his conclusion was that multiple students were found to be in violation of district policies prohibiting

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **14** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

harassment and retaliation for reporting, there had been "discipline" imposed, and that S.H. was "safe" to come back to school with the safety plan.  K.W. did not believe S.H. was safe or well enough to return to school and S.H. remained on medical leave.

**F.**  **K.H. discloses her sexual orientation and the harassment of her begins**

4.28   K.H. came out to the school community as a lesbian at the beginning of this 2015-2016 school year.  Right after that, the harassment started.  Students at the Defendant High School started calling her derogatory names based on her sexual orientation.  K.H. faced continuous harassment, name-calling, and even endured being spit on by students in the hallway.

4.29   K.H faced harassment and discrimination from Defendant Rock based on her sexual orientation.  Defendant Rock followed K.H. around at school and told her she was not allowed to hold hands with her girlfriend.  This was harassment and discrimination based solely on her sexual orientation because other female students were allowed to hold hands and male/female couples were allowed to hold hands: only K.H. and her girl friend were made to stop.

4.30   K.H. faced further harassment and discrimination from Defendant Rock solely on the basis of her sexual orientation.  Defendant Rock would come up to K.H. when she was sitting at lunch to tell her she was sitting "too close" to her girlfriend.  Defendant Rock would physically move K.H. over so she was sitting with a space between her and her friend.  No other student was singled out in this way or ask to "move over" so there was a space between them and another student.

4.31   K.H. asked the school Homecoming Committee to place her and her girlfriend's name onto the list of possible names for Homecoming Court.  K.H. was told it would not be allowed for a same-sex couple to be on the list for Homecoming Court.

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

4.32     A group of male students regularly walked by K.H. in the hallways and at lunch, calling her derogatory and profane names based solely on her sexual identity.  This group of male students sat near K.H. at lunch and their speech, gestures, and facial expressions were consistently derogatory and profane and directed at K.H. and her friends, based solely on K.H.'s sexual orientation.

**G.      K.H.'s parent complains to the Defendant District but nothing is done.**

4.33     On February 22, 2016 K.W.H. send an email to Defendant Rock stating specifically the sexual harassment K.H. had been experiencing at school.  In that email K.W.H. gave examples and made it clear that K.H. was facing sexual harassment and discrimination based on her sexual orientation.  K.W.H. told Defendant Rock how difficult it was for K.H. to attend school and face almost daily sexual harassment from other students, actions that consisted of verbal harassment, physical assaults, and threats of assaults.  In her email K.W.H. expressed how upset and frustrated she was that nothing was being done.

4.34     After that email there was no follow-up from Defendant Rock or anyone else in the Defendant School District.  K.H. continued to face almost-daily sexual harassment and discrimination from students and staff at the Defendant High School.

4.35     Defendant Rock claimed later he never received that email, but on March 2, 2016 the assistant principal of the Defendant High School took K.H. aside to ask her about this report of harassment.  K.H. gave the assistant principal specific examples of the sexual harassment and gave him two names of students who were the worst offenders.  The assistant principal told K.H. if she did not give him all the names, he would do nothing.  K.H. was afraid to do more reporting and felt intimidated and harassed by the assistant principal.  Nothing was done and the sexual harassment and discrimination continued.

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **16** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

1

2

**H.      A.H.R. and K.W.H. hire an attorney and file a Title IX complaint and the**

**harassment continues from the students and now the administration.**

3

4.36     On March 7, 2016 K.H. joined the meeting with K.W. and their attorney, meeting with

4

Defendant Soltman, Defendant Cummings, Defendant Allison, and their attorney.  At that

5

meeting K.H., through her attorney, told the Defendants she wanted to make a report under Title

6

IX of the sexual harassment and discrimination she was facing at the Defendant High School.

7

Defendant Soltman asked for someone from the Defendant High School to come to the meeting.

8

4.37     After a short period of time, the assistant principal from the Defendant High School

9

joined the meeting.  K.H. then gave the Defendants specific examples of the sexual harassment

10

she was facing at the Defendant High School and she gave the first and last names of the male

11

students she knew.  K.H. stated she was afraid of reprisals and afraid to name more students.

12

K.H. also stated she did not feel comfortable talking to either the assistant principal or Defendant

13

Rock.  A safety plan was developed for K.H. stating she would report to a counselor at school or

14

her mother or her attorney.  It was stated again at that meeting that neither Defendant Rock or the

15

assistant principal were to talk to K.H. about these allegations without the presence of her

16

attorney due to how much stress it was causing K.H. at school.

17

4.38     On March 10, 2016 the attorney for K.H. followed up her oral reporting with a formal,

18

written Title IX Complaint.  After that K.H. reported the first and last names of other students

19

who were also sexually harassing her.  In this written complaint the attorney for K.H. repeated

20

what K.H. told the Defendants on March 7, 2016 that she did not feel comfortable talking to the

21

administration at the Defendant High School about these issues and she did not want to talk to

22

anyone from administration without the presence of her attorney and parents.

23

24

25

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **17** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

4.39    On March 8, 2016 the Assistant Principal pulled K.H. out of class to question her.  The assistant principal told K.H. his "feelings are not as hurt as Danny Rock's that you won't talk to him".  This was done even though the Defendants had been clearly asked, more than once, not to talk with K.H. without either her parents or her attorney present.  K.H. felt harassed by this action and it further increased her anxiety disorder.  It also caused her to unnecessarily miss class.

4.40    On March 17, 2016 with her father A.H.R. and her attorney present, K.H. was interviewed by Ms. Flood and by Defendant Rock.  K.H. answered all their questions and gave details of the sexual harassment she had been facing with the names of the students.

4.41    Subsequent to March 17, 2016 and after being spoken to one of the Defendants, the group of male students stopped their verbal harassment of K.H. and moved their seats at lunch away from K.H. for a few days.  Then they were back.  K.H. reported this and they were moved again.  But they came back again and were moved again.  The presence of this group of male students near K.H. at lunch is threatening and harassing and creates a hostile school environment for K.H.

4.42    Subsequent to March 17, 2016 Defendant Rock has come up to K.H. several times during the school day, sitting next to her in class and at lunch, and asking her questions about the harassment.  This is despite the repeated request that Defendant Rock not approach or question K.H. at school without the presence of her attorney.  There has never been a request for another session with K.H. and her attorney.  K.H. feels harassed and threatened by Defendant Rock who refuses to leave her alone.  Defendant Rock's behavior is exacerbating K.H.'s anxiety disorder and panic disorder and creating a hostile learning environment.

4.43    On March 15, 2016 K.H. was shown a posting by a friend on an "app" from I-Tunes called "After-School".  This "app" allows students from the Defendant High School to post

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

comments anonymously.  The Defendant High School students had been posting comments, many very negative, about the Title IX Complaint K.H. made.  The existence of this "app" and the comments continued the sexual harassment of K.H. and continued to create a hostile learning environment for K.H.  K.H. believed the school was not safe and this exacerbated her anxiety disorder and panic disorder.  This "app" was reported to the Defendant School District but it is unknown what action was taken.

4.44   While K.H. continues to attend school, her psychiatric disorders have been exacerbated and she finds school a hostile learning environment.  This has not abated and it makes it difficult for her to benefit from instruction and feel safe attending school.

# V. CAUSES OF ACTION

**A.   VIOLATION UNDER TITLE IX of the EDUCATION AMENDMENTS of 1972, 20 U.S.C. §§1681-1688 and its IMPLEMENTING REGULATIONS at 34 C.F.R. Part 106.**

5.1 Plaintiffs re-allege and incorporate herein the preceding paragraphs of this Complaint as set forth above in full.

5.2 At all material times, Defendants were acting under color of law.

5.3 The United States government protects Plaintiffs from discrimination, harassment, or the denial of benefits on the basis of sex or sexual orientation from any agency that receives federal funding.

5.4 By allowing the Plaintiffs to be continually sexually harassed the Defendants violated Title IX prohibition on discrimination and harassment based on sex or sexual orientation.

5.5 By not following the requirements under Title IX for the follow-up and investigation requirements when a complaint was made, the Defendants violated their legal obligations under federal law.

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

5.6 By engaging in the acts and omissions described herein, Defendants, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights based in U.S. law to be free from discrimination and harassment on the basis of their sex or sexual orientation.

5.7 By engaging in the acts and omissions described herein, Defendants, action under color of law and with deliberate indifference, violated the Plaintiffs' rights based in U.S. federal law to be provided with the full benefit of their education free from discrimination and harassment on the basis of their sex or sexual orientation.

5.8 By engaging in the acts and omissions described herein, Defendants, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights based in U.S. federal law to benefit from and access to their education free from ongoing, pervasive, severe, and debilitating gender-based harassment and discrimination

5.9 The rights of S.H. and K.H to be free from discrimination and harassment based on their sex or sexual orientation as described herein was clearly established in law at the time of the incidents alleged.

**B.**    **VIOLATION UNDER 42 USC §12101 AMERICANS with DISABILITIES ACT EFFECTIVE JANUARY 1, 2009 and its IMPLEMENTING REGULATIONS along with the REHABILITATION ACT of 1973 SECTION 504 and its ACCOMPANYING REGULATIONS.**

5.10    Plaintiffs re-allege and incorporate herein the preceding paragraphs of this Complaint set forth above in full.

5.11    At all material times, Defendants were acting under color of law.

5.12    U.S. federal law protects Plaintiffs from discrimination on the basis of their disability.

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **20** OF **23**

5.13   By allowing the Plaintiffs to be continually sexually harassed the Defendants violated the Americans with Disabilities Act and Section 504 prohibition on discrimination on the basis of their disability.

5.14   By not resolving the Plaintiffs' complaints the Defendants denied the Plaintiffs a free, appropriate, public education guaranteed to them by the Americans with Disabilities Act and Section 504.

5.15   By engaging in the acts and omissions described herein, Defendants, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights under U.S. federal law to be free from discrimination on the basis of their disabilities.

5.16   By engaging in the acts and omissions described herein, Defendants, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights under U.S. federal law to benefit from their education free from discrimination based on their disabilities.

5.17   The rights of S.H. and K.H to be free from discrimination on the basis of their disabilities as described herein was clearly established in law at the time of the incidents alleged.

**C.     VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND VIOLATION OF 42 U.S.C. §1983.**

5.18   Plaintiffs re-allege and incorporate herein the preceding paragraphs of this Complaint set forth above in full.

5.19   At all material times, Defendants were acting under color of law.

5.20   By allowing the Plaintiffs to be continually sexually harassed and by continuing an ongoing violation of federal law, the Defendants violated the Plaintiffs' right to equal

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

protection under the law guaranteed to them in the Fourteenth Amendment of the U.S. Constitution and guaranteed to them by 42 U.S.C. §1983.

5.21    By engaging in the acts and omissions described herein, Defendants, acting under color of law and with deliberate indifference, deprived the Plaintiffs' of their property rights to an education without due process of law guaranteed to them under the Fourteenth Amendment of the U.S. Constitution and guaranteed to them by 42 U.S.C. §1983.

5.22    The rights of the Plaintiffs to due process under the law as described herein was clearly established in law at the time of the incidents alleged.

# I.    PRAYER FOR RELIEF

1.1    Plaintiffs seek general damages for extreme mental suffering and emotional distress, as well as special damages, in an amount to be proven at trial, all of which were directly and proximately caused by Defendants' acts and omissions.

1.2    Plaintiffs seek compensatory, punitive, and all other forms of damages available under 42 U.S.C. § 1983 for violations of the Plaintiffs' civil rights.

1.3    Plaintiffs seek reasonable costs and attorney fees incurred in prosecuting this matter.

1.4    Plaintiffs pray for such other equitable or legal relief as the Court deems just.

# II.    RESERVATION OF RIGHTS

2.1    Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

# III.    JURY DEMAND

3.1    Under the Federal Rules of Civil Procedure, Plaintiffs demand that this action be tried before a jury.

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,
AND COSTS
PAGE **22** OF **23**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2155 112th Avenue NE
Bellevue, Washington 98004
206-542-7234

1

2

Dated this 18th day of April, 2016

3

4   /s/ Jeannette A. Cohen
    Jeannette A. Cohen WSBA #33052
5   Attorney at Law
    2155 112th Avenue NE
6   Bellevue, Washington 98004
    Phone: 206-542-7234
7   Fax:     425-453-4454
    jeannette@isomedia.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES, ATTORNEY'S FEES,          Jeannette A. Cohen M.Ed. J.D.
AND COSTS                                                  Attorney at Law
PAGE **23** OF **23**                                 2155 112th Avenue NE
                                                Bellevue, Washington 98004
                                                            206-542-7234