UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

S.H., a minor, *et al.*,

    Plaintiffs,

v.

VASHON ISLAND SCHOOL DISTRICT, *et al.*,

    Defendants.

Cause No. C16-0567RSL

ORDER APPROVING SETTLEMENT AND GRANTING IN PART MOTION TO SEAL

This matter comes before the Court on S.H.'s "Motion for Order to Seal Motion for Court Approval of Minor's Settlement" (Dkt. # 57) and the sealed "Motion for Court Approval of Settlement Regarding Plaintiff S.H.'s Claims and Waiver of Appointment of Guardian ad Litem" (Dkt. # 58). Having reviewed the memoranda submitted by the parties, the terms of the settlement agreement, and the remainder of the record, the Court finds as follows:

1. S.H. is represented in this matter by her mother and counsel. There is no reason to suspect that these individuals are incapable of investigating and evaluating the adequacy of the proposed settlement with S.H.'s best interests in mind. The Court therefore dispenses with the appointment of a guardian ad litem. See LCR 17(c).

2. S.H. requests that the motion seeking approval of the parties' settlement agreement and the resulting Court order be sealed. There is a strong presumption in favor of public access to

ORDER APPROVING SETTLEMENT AND
GRANTING IN PART MOTION TO SEAL

court records. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Public access not only promotes the public's understanding of the judicial process and provides a record of public disputes, but it "creates a measure of accountability" and builds public "confidence in the administration of justice." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). A judicial record will be shrouded from public view only when there is a compelling reason to elevate a party's interest in secrecy over the public's interest in access.

3. S.H. argues that "it is in the best interest of the minor" to keep secret the details of how the settlement funds will be divided between her and her representatives. The School District opposes the motion to seal on the grounds that (a) it has a duty to the community to be open and transparent and (b) the public has an interest in access to the Court's files. The first argument is not persuasive. Settlement agreements are not generally filed with the Court and are not made public unless the parties agree to do so. The public's interest in the details of this settlement agreement is heightened only to the extent that the School District has a duty of transparency with regards to its actions. The publication of the settlement agreement satisfies the public's interest in transparency, however. The public has been or will be apprised that the School District settled S.H.'s claims for $170,000. How much S.H. agreed to pay her attorney out of those funds does not alter either the conduct of government or the use of public funds. The Court finds that S.H.'s interest in privacy regarding her arrangement with counsel outweighs the public's interest in the motion for approval of settlement. Dkt. # 58 shall, therefore, remain SEALED.

4. The Court will not, however, seal its order approving the settlement. Once the parties submit an issue for judicial resolution, the public's interest in understanding the judicial process

and monitoring the administration of justice generally requires that the Court's analysis and conclusions be made available for review. S.H. has failed to explain how disclosure of the amount paid to her attorney will cause her harm or embarrassment. A vague claim of "best interest of the minor" cannot justify a secret Court order. This Order will not, therefore, be sealed.

5. The Court has jurisdiction the settlement of claims alleging violations of state and federal statutes, constitutional provisions, and negligence made by S.H., a minor, by and through her parent K.W.

6. The net settlement amount is $170,000. Considering all aspects of the claim, liability issues, and the nature and extent of injuries, the offer is fair and reasonable and is in the best interests of S.H. The settlement amount is to be paid to K.W. in her capacity as the parent and guardian of S.H. in a lump sum within 30 days after the date of this Order. Upon receipt, K.W. shall disburse the funds as follows:

| | |
|---|---|
| Attorneys' Fees: | $60,725.61 |
| Costs: | $34,274.39 |
| Payment to Plaintiff: | $75,000.00 |

The parties' settlement agreement and release of all claims asserted or which could have been asserted are hereby effective.

7. Plaintiff K.H. has settled her claims separately.

//

//

ORDER APPROVING SETTLEMENT AND
GRANTING IN PART MOTION TO SEAL         -3-

For all of the foregoing reasons, S.H.'s motion to seal (Dkt. # 57) is GRANTED in part. The parties' motion for approval of settlement (Dkt. # 58) is GRANTED. Plaintiffs' Complaint is hereby dismissed with prejudice and without a separate award of costs to any party.

DATED this 17th day of August, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge